RIPPEL, et, Plaintiffs-Appellees, v. RIPPEL, Defendant-Appellant.

Ohio Appeals, Second District, Franklin County.

No. 4213.   Decided October 25, 1948.

Cowan & Adams, Columbus, for plaintiffs-appellees.
Sater & Sater, Columbus, for defendant-appellant.

354

## OPINION

By HORNBECK, J.:

The appeal is on questions of law from a judgment of the Common Pleas Court decreeing that appellees have fee simple title to real estate described in the petition, entering judgment in behalf of the plaintiffs against the defendant in the sum of $2205.00 and for the sum of $90.00 per month for each month that the defendant remains in possession of the real estate described in the petition after August 1, 1948, with interest and costs.

Plaintiffs' petition was to set aside a deed from George Rippel to the appellant, whose name at the time the deed was made was Harriet E. Rugh, purporting to convey a fee simple title to the real estate described in the petition and for other relief. Issue was joined by answer and the cause was tried to the Court who entered judgment for the plaintiffs and made separate findings of fact and conclusions of law.

Appellant assigns eight errors, the first and second of which relate to the admission of testimony offered and received on behalf of the plaintiffs over the objection of the defendant and to the rejection of testimony offered by the defendant to which she objected and excepted.

There are seven sub-headings under the first assignment of error, the first and third of which are that the Court erred in permitting witnesses Campbell and plaintiffs to testify that defendant, Harriet Rippel had said that the conveyance from George Rippel was a gift because these statements were all made from two to five years after grantor's deed was executed. This testimony, although somewhat remote, was clearly admissible as it related to a material and determinative question, namely, whether or not the deed was made for a valuable consideration as recited therein or whether it was a gift as claimed by plaintiffs. It is objected that the Court characterized the statements as admissions. This was correct as they were admissions against interest but, without respect to the characterization which the Court gave them, they were competent and relevant upon a material issue and

came from the grantee whose statements were probative of one of the issues drawn, namely, the character of the consideration moving from her to the grantor in the deed under which she claims title.

It is urged that it was prejudicial to admit testimony of certain witnesses that George Rippel had said that the transfer of the real estate to the defendant was a gift. We are in agreement that this evidence should not have been admitted over objection as was interposed as to one witness. It was in the nature of a self-serving declaration and in contradiction of the operative words of the formal instrument, the deed, which he had executed. However, the admission was but cumulative of the same testimony given by another witness, Brown, page 25 of the record, without objection and therefore, in probability, was not prejudicial.

No. 2 is the admission of testimony of the value of the premises at the time of trial, testimony having also been given as to the value of the property at the time of the conveyance. We agree that the former valuation was not relevant but its reception was not prejudicial.

The other sub-headings relate to the admissibility of testimony tending to test the claim of the defendant that she had advanced money to the grantor at the time the deed was made; that this advancement was the consideration recited in the instrument; that she had considerable money, some of which was received at the death of a former husband, some represented by deposits in bank, funds loaned on interest and considerable earning capacity. The testimony took a wide range and covered a considerable period of time. However, all of it was relevant, although part of it was remote, and had some weight as to the probability that defendant was as she asserted able financially to advance the stated consideration for the deed and reflect some light on the ultimate issue.

(2) Error in the rejection of testimony offered by the defendant.

We are satisfied to say that in neither of the two instances asserted did the Court commit any prejudicial error.

Under heading, "Errors apparent on the face of the record", it is urged, in substance, that the Court did not properly evaluate the testimony of the parties. We are content to say that the evidence in its most favorable light to the plaintiff supports the judgment entered.

The fourth and fifth grounds of error are directed to the findings of law and fact and it is assigned that they are contrary to law and to the evidence, especially finding 6 and conclusions 1 to 10, both inclusive.

The gravamen of the argument under these assignments is that under the will of Anna Rippel, deceased, her husband, George Rippel was given such an estate as that he could pass fee simple title to the plaintiff though no valuable consideration passed from the grantee to the grantor. The will provided, Item II,

"All of the rest and remainder of my estate, both real and personal, of whatsoever kind or description and wheresoever situate, which I may own or have the right to dispose of at the time of my death, I give, devise and bequeath to my husband, George J. Rippel, for and during his natural life. However, my said husband is hereby given full power and authority to sell and convey any part of all of said real estate and personal property at any time during his natural lifetime in such manner as he may desire and use such portion or portions of the proceeds of such sale or sales and in such manner as he may desire."

Item III,

"After the death of my said husband I give, devise and bequeath such portion, or all, of said real estate and personal property as may be undisposed of by my said husband under the authority given him in Item II of this Will, to my two children, Norma C. Browne and Wilbur M. Rippel, in equal shares, to each an equal one-half part thereof."

No. 6 of the findings of fact was,

"Said deed to the defendant, Harriet E. Rugh Rippel was a deed of gift without consideration."

Under the conclusions of law the Court found that the interest of George J. Rippel under the will of Anna K. Rippel was a life estate in the real estate there devised with the power to sell and use such portion of the proceeds of such sale as he may desire; that the plaintiffs had a vested remainder in fee simple subject to the life estate of George J. Rippel and that under the will, George J. Rippel had no power to make a deed of gift of said real estate and that, therefore, the deed conveyed only a life estate and not the fee simple title which was in the plaintiffs.

Many cases are cited and discussed by the parties in their briefs, no one of which determines the identical question here presented. Appellant largely relies upon the following:

**Bishop v. Remple, 11 Oh St 277.** The will devised and bequeathed to testator's wife all his property, "real or personal, as may remain after all claims against my estate are satisfied, with full power to have and to hold, to sell or convey the same, during the term of her natural life. * * *" Thereafter, he made a bequest to be paid "after the death of my wife, out of any money or effects of my estate, that may then remain". The Court held that the wife was given full power to sell and convey the land in fee and that a deed so made was a sufficient execution of a power. The deed was made within the express provisions of the will, namely, by a sale and conveyance during the lifetime of the wife. There was no issue of the right to convey by gift.

Haren y. Block, 9 O. C. C. N. S. 328. A life estate was devised to wife of testator with power of sale, if necessary, for support of herself or her children. A sale of real estate devised was made for a valuable consideration. The action challenged the authority of the life tenant to sell. It was held that the burden was on those so claiming to prove that it was not necessary to sell. **Vandohre v. Vandohre, 34 O. O. 117.** Under Item II of the will under consideration balance of the estate, both real and personal, was given to sister of testatrix "to do with what she desires during life." Item III devised and bequeathed the remainder of the estate to be divided "share and share alike" among the testatrix's children. The deed was made by the sister named in Item II of the will. The court held that the sister, beneficiary under Item II, had the unlimited right to dispose of the real estate therein devised because of the force of the language, "to do with what she desires during life". There was no technical term employed to characterize or limit the conditions upon which the sister beneficiary could transfer her interest received under the devise.

The last case cited by appellant is Hazelbaker v. Kopp, an unreported opinion from the Court of Appeals of the Fourth District, a headnote or summary of the holding of which appears in Ohio Bar of May 31st, 1948, p. 147, motion to certify record filed in the Supreme Court. The will devised "all of my estate" to person named, "to be his during his natural life with full power to use and enjoy the same during his natural life, together with the profits thereof and with full power to use any of the principal for his maintenance and support if the same shall be necessary for that purpose". From the statement of the facts in the summary and in appellant's brief, it appears that the Common Pleas Court found a contract to have been made with the beneficiary to convey a fee in return for maintenance and support; that the con-

# 358

sideration was adequate and that, therefore, such transfer was contemplated and authorized by the provisions of the will. Manifestly, there is nothing in this adjudication which would require the will to be construed to authorize the transfer of the real estate devised without adequate consideration therefor.

It is our judgment that the finding of the trial judge was correct wherein it was held that under the will of Anna. Rippel, George J. Rippel had no power to make a deed of gift of the real estate to him devised for life. Item II in its first sentence is specific in granting a life estate to George J. Rippel. Thereafter, the power given to him is to sell and convey it any time during his natural life "in such manner as he may desire". That is to say "in such manner as he may desire" does not enlarge his right of disposition beyond the limitation that he sell and convey. The succeeding language of the item connotes a purpose on the part of the testatrix: that the estate devised and bequeathed to her husband, if sold, should produce some proceeds secured by sale which he could use in "such manner as he may desire". **Johnson v. Johnson,. 51 Oh St 446, 38 N. E. 61.**

Upon the further question whether or not the transfer was: made as a gift, the record, although conflicting, affords ample support for the conclusion reached by the trial judge in his findings.

The 6th and 7th assignments of error are that the court below erred in making pecuniary judgment against defendant. and allowing interest thereon. The court awarded judgment against the defendant in the sum of $2205.00 and in the further sum of $90.00 per month for each month that defendant. remains in possession of the real estate in question after August 1, 1948, together with interest. It is urged that the court erred in failing to make allowances to the defendant. for taxes paid or to be paid, for repairs and maintenance made and paid or to be made and paid and for vacancies in all or part of said premises which have occurred or may occur.

By the deed under consideration the defendant was during the life of the grantor in the status of a life tenant and during that period could not recover for taxes paid or repairs made on the real estate conveyed by the deed. **Stein v. White, 109 Oh St 578,** Cook v. Prosser, 14 O.. C. C. 137, Robinson v. Bowler, 18 O. C. C. N. S. 372. From the date of the death of George Rippel and until this action was. instituted against the defendant, it would have been equitable, if she was to be charged monthly rental for the premises,. that she be reimbursed for any taxes paid which had accrued:

subsequent to the death of George Rippel or for any necessary repairs which during that period she had caused to be made on the premises. However, the record does not afford information on any of this subject matter which could have afforded a basis of an equitable allowance to the defendant, and, therefore, neither the trial judge nor this court can make such determination.

We find no error assigned established and the judgment will therefore be affirmed and cause remanded.

WISEMAN, PJ, and MILLER, J, concur.